**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Tyrea Tillman,

    Plaintiff,

-v-                                       Case No. 2:10–cv–42

Town Street Medical Center, et al.,          Judge Michael H. Watson

    Defendants.

## ORDER

Plaintiff Tyrea Tillman ("Tillman"), proceeding pro se, claims that his doctor Glenn Iben ("Dr. Iben") fraudulently billed Medicare. Plaintiff seeks $80,000 each from the defendants he named as Town Street Medical Center ("Town Street") and "Medicare Palmetto G.B.A." ("Palmetto"). (Compl. (Doc. 5) 1.) Before the Court is Defendant Medicare's Motion to Dismiss (Doc. 15) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the Court **GRANTS** Medicare's motion to dismiss.

### I.

Palmetto is an administrator of Medicare health insurance and is a Medicare contractor for Ohio. *See generally* 42 U.S.C. §§ 1395u; 42 C.F.R. §§ 421.5, 421.100, 421.200. Pursuant to a contract with the Secretary of Health and Human Services, Palmetto processes, makes payment determinations, and pays Medicare Part B claims submitted by physicians in Ohio. (Mot. to Dismiss (Doc. 15) 2.) *See* 42 U.S.C. §§ 1395u, 1395kk-1; 42 C.F.R. § 421.200.

On December 14, 2009, Plaintiff originally filed this case in the Franklin County, Ohio, Court of Common Pleas. On January 15, 2010, the United States of America, acting through the Secretary of Health and Human Services, and acting on behalf of her contractor, Palmetto, removed the action to this Court pursuant to 28 U.S.C. § 1442. Specifically, because Plaintiff commenced a civil action against an agency or officer of the United States and it was effectively a suit against the Secretary as the real party in interest for a claim arising under the Medicare Act, the action was subject to removal. 42 U.S.C. § 1442(a)(1). *See* 42 C.F.R. 421.5.

## II.

Around July 16, 2009, Dr. Iben of Town Street submitted such a claim for a $4.75 charge for an "Occult Blood Feces" test. (Mot. to Dismiss (Doc. 15) 2.) Plaintiff noticed that "Occult Blood Feces" test on his October 2009 Medicare statement, and called Palmetto to inform it that he believed the test had never occurred and that the claim was fraudulent. (Compl. 1.) In response to the phone call, Tillman received two letters from Palmetto. Plaintiff filed one of the two letters on the docket. (*See* March 3, 2010 Letter (Doc. 18) 2.) The March 3, 2010 letter indicates that Plaintiff received the hemoccult packet cards on July 16, 2009, and that the hemoccult cards were returned on October 14, 2009. *Id.* Dr. Iben, according to the letter, incorrectly submitted the charge to Medicare with the date of service for the test of July 16, 2009; Dr. Iben was to await return of the test cards before submitting a claim to Medicare for the test. *Id.* As such, the letter indicates the correct date of service of the test was October 14, 2009, the date the hemoccult cards were returned. *Id.* The letter further indicates Dr. Iben refunded the $4.75 paid by Medicare for the date of service of July 16, 2009. *Id.*

Tillman claims that the letters were "wrong," and that the test was never performed.  (Amendment to Compl. (Doc. 6) 1.)  Tillman does not set forth the legal grounds for his claims, but alleges that "[t]his test never occurred, therefore, the claim is fraudulent"; "not only my personal M.D., Glenn A. Iben, is at fault but Medicare as well"; and "this unnecessary and inconvenient ordeal has made me forever paranoid and emotionally stressed." (Compl. 1.)  Tillman demands $80,000 in damages from each Defendant. *Id.*

III.

Defendant Medicare moves the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  (Mot. to Dismiss (Doc. 15) 1.)  Medicare argues that (i) Plaintiff lacks Article III standing to sue because he has suffered no redressable injury, (ii) Plaintiff failed to exhaust his administrative remedies under the Medicare Act, and (iii) alternatively, Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act.  (Mot. to Dismiss (Doc. 15) 2.)

Defendant Medicare asserts that Tillman lacks standing to sue because he has not suffered an injury, and that even if Tillman had suffered an injury it could not be redressed by a favorable ruling.  (Mot. to Dismiss (Doc. 15) 11.)  Tillman claims that he was injured because he has lost trust in the Medicare system, must find a new doctor who will not submit fraudulent claims, and is paranoid and emotionally stressed. (Compl. 1.)

A plaintiff has standing to sue when (i) he suffered an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical; (ii) a causal connection exists between the injury and the conduct complained of; and (iii) it is likely that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted).

The Medicare payment made by Palmetto for the claim submitted by Dr. Iben on Plaintiff's behalf as well as Palmetto GBA's letters engendered Plaintiff's claim. Plaintiff's alleged emotional distress and desire to punish alleged wrongdoing, however, do not provide a jurisdictional basis for him to file a suit that includes no possibility of redress for his alleged injury and that does not reach the amount in controversy requirements. Tillman does not allege that he paid for the allegedly fraudulent test or claim. (Amendment to Compl. (Doc. 6) 1.) He does not allege any legal interests were invaded when Dr. Iben billed Medicare. He asserts the $80,000 demand is to punish each Defendant. Therefore, Plaintiff alleges no injury in fact that is concrete and actual or that would be redressed by a favorable ruling from this Court. *See Lujan*, 504 U.S. at 560.

As his case is pleaded and the relief sought, even if Tillman did suffer an injury, a favorable ruling would return money to Medicare rather than Tillman. Therefore, the injury is not redressable. *See id.* at 561. Because Tillman does not satisfy Article III standing, this Court lacks jurisdiction over the case. As such, the Court declines to reach the merits of Defendant Medicare's other claims. *See id.*; *Baird v. Norton*, 266 F.3d 408, 413 (6th Cir. 2001).

**IV.**

Because the Court finds that Tillman lacks standing to sue as to Defendant Medicare, Defendant Medicare's motion to dismiss (Doc. 15) for lack of subject matter jurisdiction is **GRANTED**.

**IT IS SO ORDERED.**

_____

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**